## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MIMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 4:20-CV-1777-RWS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion.  Self-represented movant Melvin Mims has filed two cases pursuant to 28 U.S.C. § 2255 involving common questions of law and fact:  *Mims v. United States*, 4:20-CV-1538-RWS (E.D. Mo.) ("*Mims 1*"), and (2) the instant case, 4:20-CV-1777-RWS (E.D. Mo.) ("*Mims 2*").   For the following reasons, the Court finds that the cases should be consolidated under Federal Rule of Civil Procedure 42 to avoid unnecessary costs and to promote judicial efficiency.

Rule 42(a) of the Federal Rules of Civil Procedure provides, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."[1]  "Whether to consolidate actions under Rule 42(a) is vested in the court's discretion," and "the district court can consolidate actions sua sponte."   *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (internal citations omitted); *see also Headrick v. Glass*, No. 4:18-CV-1683-CDP, 2019 WL 2437028, *1 (E.D. Mo. June 11, 2019) (citing *Bendzak*).   Here, *Mims 1* and *Mims 2*

---

[1] The Court notes that the government has entered its appearance and filed a motion to dismiss based on timeliness in *Mims 1*.   The Court ordered movant to show cause why his § 2255 motion should not be dismissed untimely, and movant filed a response.   *Id.*   All movant's filings since his response to the show cause order have been filed simultaneously in both *Mims 1* and *Mims 2*.

both allege constitutional violations based on the United States Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).   In both cases, movant seeks to excuse his untimeliness because of the COVID-19 public health emergency.   Both cases involve common questions of law and fact and seek the same relief against the same defendant.

The Court believes that consolidation would serve the interests of justice and avoid unnecessary costs and promote judicial efficiency.   Pursuant to Local Rule 4.03, the Court will consolidate the cases into the lowest case number, *Mims 1*.   A copy of movant's § 2255 motion from *Mims 2* (ECF No. 1) shall be docketed as a supplement to plaintiff's § 2255 motion in *Mims 1*.   Finally, the Clerk of Court shall administratively close *Mims 2*, and all future filings shall be filed in *Mims 1*.

Accordingly,

**IT IS HEREBY ORDERED** that *Mims v. United States*, No. 4:20-CV-1777-RWS (E.D. Mo.), is consolidated into *Mims v. United States*, 4:20-CV-1538-RWS (E.D. Mo.), for all remaining proceedings.   All future documents shall be filed in *Mims v. United States*, 4:20-CV-1538-RWS.

**IT IS FURTHER ORDERED** that a copy of movant's § 2255 motion from *Mims v. United States*, No. 4:20-CV-1777-RWS, shall be docketed in *Mims v. United* States, 4:20-CV-1538-RWS, as a supplement to movant's § 2255 motion.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be docketed in *Mims v. United States*, No. 4:20-CV-1538-RWS.

**IT IS FURTHER ORDERED** that the instant case, *Mims v. United States*, No. 4:20-CV-1777-RWS, shall be **ADMINISTRATIVELY CLOSED** with the filing of this **ORDER**.

Dated this  31st  day of December, 2020.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

3